Liza M. Walsh
Marc Haefner
Selina M. Ellis
WALSH PIZZI O'REILLY FALANGA LLP
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100
*Attorneys for Plaintiff Cole Schotz, P.C*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLE SCHOTZ, P.C., <br><br> *Plaintiff*, <br><br> v. <br><br> MYLES MACDONALD, <br><br> *Defendant*. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Cole Schotz, P.C. ("Cole Schotz") by its attorneys, for their Complaint, allege as follows:

1. This is an action for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and a breach of common law duty of loyalty, arising out of Defendant Myles MacDonald's ("MacDonald" or "Defendant") past publication and dissemination on social media platforms of privileged and confidential information owned by Cole Schotz and its clients, and MacDonald's imminent threat to engage in this behavior in the future.

1

2. MacDonald is an attorney admitted to practice in Delaware, New York, and Tennessee and a former associate at Cole Schotz. He was employed with the firm in its Delaware office until June of 2019.

3. In a manifesto posted online, Defendant proclaims that he is on a quest to injure "big law" and to "feel human." While he recognizes that his actions will likely end his legal career, his threats to post additional documents (and to have his agents post on his behalf), have only increased.

## PARTIES

4. Plaintiff Cole Schotz is a professional corporation organized under the laws of the State of New Jersey with its place of business at Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601.

5. On information and belief, Defendant MacDonald is a citizen of Tennessee residing at an unknown address in the State of Tennessee.

6. MacDonald currently lists Nashville as his place of residence on Twitter.

## JURISDICTION

7. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332.

9. Based on the facts and causes of action alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over MacDonald.

10. This Court has personal jurisdiction over MacDonald because, MacDonald has published and disseminated trade secrets and privileged and confidential information belonging to Cole Schotz and its clients on the internet, which is accessible throughout the United States, including in New Jersey.

11. In addition, the effects of MacDonald's intentionally tortious actions are felt by Cole Schotz in New Jersey.

12. Further, MacDonald has directed text messages to individuals employed by Cole Schotz who he knows to be in New Jersey.

13. For the above reasons, it would neither be unfair nor unreasonable for MacDonald to litigate this action in this District, and the Court has personal jurisdiction over it here.

## VENUE

14. Plaintiffs incorporate each of the proceeding paragraphs as if fully set forth herein.

15. Venue is proper in this District under 28 U.S.C. §§ 1391 with respect to MacDonald, at least because, a substantial part of the events or omissions giving rise to the claim occurred in the District.

## BACKGROUND

16. MacDonald is a former employee of Plaintiff Cole Schotz. During his employment at Cole Schotz, MacDonald had access to trade secret information in the form of attorney-client privileged and confidential information belonging to Cole Schotz.

17. MacDonald resigned from his employment with Cole Schotz on or about June of 2019.

18. While employed by Cole Schotz, Defendant returned a signed form indicating that he had carefully read the firm's Employee Handbook (the "Handbook") and that he agreed to abide by its terms.

19. The Handbook specifically instructed the firm's attorneys, such as Defendant, to abide by the Rules of Professional Conduct and maintain the confidentiality of all documents protected by the attorney-client privilege and any document relating to the client that provided information that was not widely known.

20. Further, attorneys were instructed to take a series of precautions to insure these documents were kept confidential, such as not removing documents from the office, keeping documents on password-protected devices, and not leaving documents out in the open.

21. Finally, upon separation, employees were specifically enjoined from removing any firm or client documents of any kind.

22.     Though Macdonald was not authorized to share any information belonging to Cole Schotz or its clients, he admittedly misappropriated hundreds of privileged and confidential information from the firm upon his resignation.

## MISAPPROPRIATION OF TRADE SECRETS AND BREACH OF THE DUTY OF LOYALTY BY MACDONALD

23.     On or about October 23, 2020 and continuing thereafter, MacDonald has repeatedly threatened the release of privileged, confidential, and trade secret information belonging to Cole Schotz.

24.     In response, Cole Schotz wrote Defendant a cease-and-desist letter, delivered via email on October 24, 2020, demanding that Defendant return any confidential materials that he actually had in his possession. Defendant responded to Cole Schotz's request with just one word: "And?"

25.     On Thursday, October 29, 2020, Defendant made real on his threats and posted both a confidential attorney-client privileged draft complaint and a confidential attorney-client/attorney work product memo on litigation strategy onto his LinkedIn account.

26.     Faced with Defendant's improper, malicious and illegal conduct, Cole Schotz wrote to him again on October 30, 2020, once more demanding that he takedown his LinkedIn posts of confidential documents, and to return all confidential documents.

27.     Later on October 30, 2020, Defendant's LinkedIn profile was

deactivated, thereby hiding Defendant's shocking posts.

28. In response, Defendant has grown increasingly belligerent on his Twitter account, accusing Cole Schotz and a variety of other actors of various largely unintelligible acts.

29. He is also making continued threats to disseminate Cole Schotz's and its client's confidential attorney-client documents and promising to cease his actions only upon the resignation of certain Cole Schotz partners and Cole Schotz's release of additional client documents.

30. On Saturday, October 31, 2020, Defendant texted a variety of Cole Schotz attorneys to warn them that if Cole Schotz fails to comply with his demands by <u>12 noon, November 2, 2020</u>, Defendant plans to disperse Cole Schotz's confidential materials through over 50 different internet platforms, both personally, and with the assistance of various agents.

### COUNT I – MISAPPROPRIATION OF TRADE SECRET BY MACDONALD UNDER 18 U.S.C. § 1836

31. Plaintiffs incorporate each of the preceding paragraph as if fully set forth herein.

32. Cole Schotz and its clients are the owners of the confidential attorney-client privileged documents misappropriated by MacDonald.

33. The information comprising the trade secrets were communicated in confidence by Cole Schotz to MacDonald during his employment at Cole Schotz.

34. The secret information was disclosed by MacDonald, and MacDonald breached that confidence by publishing and disseminating the secret information on his social media accounts.

35. Cole Schotz, at all times, took precautions to maintain the secrecy of the trade secrets.

36. The foregoing actions by MacDonald constitutes a misappropriation of trade secrets under 18 U.S.C. § 1836.

37. MacDonald has acted with full knowledge and without a reasonable basis for believing that he would not be liable for misappropriation of trade secrets owned by Cole Schotz.

38. Unless MacDonald is enjoined from actively misappropriating trade secrets owned by Cole Schotz, it will suffer irreparable injury.

39. Cole Schotz has no adequate remedy at law.

### COUNT II – COMMON LAW BREACH OF FIDUCIARY DUTY OF LOYALTY UNDER NEW JERSEY AND DELAWARE LAW

40. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

41. During his employment as an attorney with Cole Schotz, MacDonald occupied a position of trust and confidence.

42. MacDonald owes a higher duty of loyalty to Cole Schotz and its clients due to his position as an attorney.

43. MacDonald has unauthorized possession of privileged and confidential documents belonging to Cole Schotz and its clients.

44. MacDonald's publication and dissemination of those privileged and confidential documents breaches the fiduciary duty and loyalty owed to Cole Schotz and its clients.

45. MacDonald plans and intends to, and will, continue to actively publish and disseminate privileged and confidential documents on the internet.

46. MacDonald's conduct is willful, knowing, and egregious.

47. The foregoing actions by MacDonald constitutes and/or will constitute a breach of his duty of loyalty to Cole Schotz.

48. MacDonald has acted without a reasonable basis for believing that he would not be liable for breaching his duty of loyalty to Cole Schotz.

## COUNT III – <u>DECLARATORY JUDGMENT</u>

49. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

50. MacDonald plans and intends to, and will, continue to actively publish and disseminate privileged and confidential documents on the internet.

51. Accordingly, there is a real, substantial, and continuing case or controversy between Cole Schotz and MacDonald regarding whether MacDonald's publication and dissemination of privileged and confidential information, as well as MacDonald's threats of future dissemination of such privileged and confidential information breaches the duty of loyalty owed to Cole Schotz.

52. Plaintiff Cole Schotz should be granted a declaratory judgment that MacDonald's publication and dissemination of privileged and confidential information breaches the duty of loyalty owed to Cole Schotz.

53. MacDonald should be enjoined from his continued breach of his duty of loyalty; otherwise Plaintiffs will suffer irreparable injury. Defendant has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that MacDonald has misappropriated trade secrets under 18 U.S.C. 1836;

(b) A preliminary and permanent injunction enjoining MacDonald from taking any further action as it relates to the misappropriated documents owned by Cole Schotz and its clients;

(c)     A judgment pursuant to, among other things, 18 U.S.C. § 1836 ordering that Cole Schotz be granted damages;

(d)     A preliminary and permanent injunction pursuant to, among other things, 18 U.S.C. §§ 1836, requiring MacDonald to return any documents in his possession and that he retrieve any documents in the possession of others;

(e)     A judgment declaring that any further publication or dissemination of trade secrets owned by Cole Schotz, will infringe on the rights of Cole Schotz;

(f)     An award of Plaintiff's costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

Dated: November 1, 2020            WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

Liza M. Walsh
Marc Haefner
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiff Cole Schotz, P.C.*

**Local Rule 11.2 Certification**

We hereby certify that, to the best of our knowledge, the matter in controversy is not related to any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: November 1, 2020                    WALSH PIZZI O'REILLY FALANGA LLP

                                           *s/Liza M. Walsh*

                                           Liza M. Walsh
                                           Marc Haefner
                                           100 Mulberry Street, 15th Floor
                                           Newark, New Jersey 07102
                                           (973) 757-1100

                                           *Attorneys for Plaintiff Cole Schotz, P.C.*

## **Local Rule 201.1 Certification**

      We hereby certify that the above captioned matter is not subject to compulsory arbitration in that Plaintiff seeks, *inter alia*, injunctive relief.

Dated: November 1, 2020               WALSH PIZZI O'REILLY FALANGA LLP

                                           *s/Liza M. Walsh*

                                           Liza M. Walsh
                                           Marc Haefner
                                           100 Mulberry Street, 15th Floor
                                           Newark, New Jersey 07102
                                           (973) 757-1100

                                           *Attorneys for Plaintiff Cole Schotz, P.C.*